**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **James Drye,**<br>Plaintiff,<br>v.<br>**Frank J. Bisignano, Commissioner of Social Security Administration,**<br>Defendant. | Case No. 4:25-cv-05631-JD-TER<br><br>**ORDER AND OPINION** |

This Social Security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report" or "R&R"), under Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff James Drye ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of Defendant Frank J. Bisignano, Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act ("Act").

Having carefully considered the Report, Plaintiff's objections, Defendant's response, the administrative record, and the applicable law, the Court concludes that remand is required. The ALJ expressly found that more recent evidence showed Plaintiff to be "more restricted than Dr. Sandhu's assessment, particularly" in standing or walking. (Tr. 2418; DE 20 at 14.) Yet the RFC contained no durational restriction on standing or walking beyond light work as defined in 20 C.F.R. § 404.1567(b), and the vocational hypothetical on which the step-five finding rested

expressly assumed approximately six hours of standing and walking in an eight-hour workday. (Tr. 2409, 2448-50; DE 20 at 13.) Because the full ranges of both light and medium work ordinarily contemplate approximately six hours of standing or walking, reducing the lifting and carrying demands from Dr. Sandhu's medium assessment to light work does not, without further explanation, account for the ALJ's stated additional restriction in standing or walking. Remand is, therefore, required so that the agency, not the Court, can resolve that inconsistency.

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates here without a full recitation. (DE 20.) The Court provides the following background relevant to Plaintiff's objections. Citations to "Tr." refer to the certified administrative record filed at DE 11.

Plaintiff filed his DIB application in December 2019, alleging disability beginning November 1, 2019. His date last insured was September 30, 2024. (Tr. 2405.) This claim has an unusually lengthy procedural history. An ALJ first denied the claim in November 2020. The United States District Court for the Western District of North Carolina remanded in May 2022 for further consideration of Nurse Practitioner Karen Welch's opinion. A second ALJ again denied the claim in May 2023. In January 2024, on the Commissioner's consent motion, the Western District of North Carolina again remanded the matter for further administrative proceedings. (Tr. 2492-96.)

Following that second court remand, the Appeals Council vacated the 2023 decision and issued further instructions on February 26, 2024. Among other things, the Appeals Council found that the prior decision did not include an adequate narrative discussion of the physical RFC and did not explain how it reached the specific lifting/carrying and manipulative limitations. (Tr. 2499-2500.) It directed the ALJ to give further consideration to the prior administrative medical findings, give further consideration to Plaintiff's maximum RFC, provide appropriate rationale with specific references to the record, and obtain supplemental vocational-expert evidence. (Tr. 2500.)

A third administrative hearing was held on February 11, 2025. On February 20, 2025, ALJ Jerry Peace issued the decision now under review. (Tr. 2402-22.) The ALJ found that Plaintiff had severe impairments including lumbar spine degenerative disc disease, right upper-extremity degenerative joint disease, gout, status-post right ulnar nerve transplantation and neuropathy, obesity, PTSD, anxiety, and depression. (Tr. 2405; DE 20 at 2.) The ALJ then found the following RFC through the date last insured:

> the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps or stairs, stoop, crouch, kneel, or crawl. He is limited to frequent bilateral handling and fingering. He is limited to no use of moving machinery, or exposure to unprotected heights. He can understand, remember, and carry out simple tasks or instructions. He can perform simple tasks that do not involve a specific production rate pace, such as assembly line work or hourly production rate quotas. He is limited to jobs involving only simple, work-related decisions, and with few, if any workplace changes. The claimant can perform simple tasks for two-hour blocks of time with normal rest breaks during an eight

> hour work day; with only occasional interaction with the public, and coworkers.

(Tr. 2409; DE 20 at 3.) The ALJ found Plaintiff could not perform his past relevant work. (Tr. 2420.) Relying on vocational-expert testimony, however, the ALJ found that Plaintiff could perform other light, unskilled jobs existing in significant numbers in the national economy, including merchandise marker, sorter, and routing clerk. (Tr. 2420-21; *Id.* at 3.) He, therefore, concluded Plaintiff was not disabled from November 1, 2019, through September 30, 2024. (Tr. 2421; *Id.* at 3.)

Plaintiff sought judicial review and raised three principal challenges to the physical RFC: (1) the ALJ failed to adequately evaluate NP Welch's 2016 opinion concerning Plaintiff's right upper extremity and failed to comply with the prior remand directives; (2) the ALJ failed to adequately explain the finding that Plaintiff could frequently handle and finger bilaterally; and (3) the ALJ failed to adequately explain Plaintiff's capacity for standing, walking, and sitting. (DE 12; DE 20 at 4.)

On April 8, 2026, the Magistrate Judge issued the Report recommending that the Commissioner's decision be affirmed. (DE 20.) As relevant here, the Report concluded that the ALJ's consideration of NP Welch's opinion did not present outcome-determinative error, that the ALJ's reasoning concerning Plaintiff's bilateral hand use was sufficiently traceable, and that substantial evidence supported the light-work RFC as to standing, walking, and sitting. (DE 20 at 7-16.)

Plaintiff timely objected. (DE 21.) He argues, among other things, that the Report did not resolve an internal inconsistency in the ALJ's treatment of the March 2020 assessment of state agency physician Jagjit Sandhu, M.D. Dr. Sandhu assessed

medium exertional work and found Plaintiff could sit about six hours and stand and/or walk about six hours in an eight-hour workday. (Tr. 2418.) The ALJ found Dr. Sandhu's assessment only partially persuasive and expressly stated that the more recent evidence showed Plaintiff to be "more restricted than Dr. Sandhu's assessment, particularly regarding the claimant's ability to perform other exertional activities such as standing or walking." (Tr. 2418.) Plaintiff argues that the RFC nevertheless contains no additional restriction on the duration of standing or walking. (DE 21 at 8-9.) As Defendant responded, the Report correctly found the RFC supported by substantial evidence and that Plaintiff seeks impermissible reweighing. (DE 22.)

**B. Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. A party who fails to make a specific objection ordinarily waives appellate review of the unobjected-to issue if the district court adopts the recommendation. *See United States v. Schronce*, 727 F.2d 91, 93–94 (4th Cir. 1984). As the Fourth Circuit has explained, "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before

accepting the recommendation. *Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Judicial review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018). A reviewing court may not reweigh conflicting evidence or substitute its judgment for that of the Commissioner, but it must be able to trace the path of the ALJ's reasoning from the evidence to the conclusion. *Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83, 95 (4th Cir. 2020); *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

In assessing residual functional capacity, the ALJ must provide a narrative discussion explaining how the evidence supports the functional limitations assessed and how the ALJ considered and resolved any material inconsistencies or ambiguities in the record. SSR 96-8p, 1996 WL 374184, at *7; see *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Although the Fourth Circuit has declined to impose a per se rule requiring remand whenever an ALJ omits an explicit function-by-function analysis, remand is appropriate when the ALJ fails to assess a relevant function despite contradictory evidence or when an inadequacy in the analysis frustrates meaningful review. *Mascio v. Colvin*, 780 F.3d 632, 636–37 (4th Cir. 2015).

**C. Discussion**

Plaintiff's objections are sufficiently specific to require de novo review. Because the standing-and-walking objection independently requires remand and directly

affects the physical RFC and step-five analysis, the Court addresses that objection first.

**1. Standing and Walking**

Plaintiff's standing-and-walking objection identifies an unresolved inconsistency in the ALJ's RFC analysis. Dr. Jagjit Sandhu reviewed the record in March 2020 and assessed Plaintiff as capable of medium exertional work, including lifting and carrying fifty pounds occasionally and twenty-five pounds frequently, sitting about six hours, and standing and/or walking about six hours in an eight-hour workday. (Tr. 2418.) The ALJ found Dr. Sandhu's assessment only "partially persuasive," to the extent it was consistent with the overall record. (*Id.*) After discussing both abnormal and relatively normal examination findings, the ALJ stated:

> However, the recent medical evidence and hearing testimony, as discussed above, showed the claimant to be more restricted than Dr. Sandhu's assessment, particularly regarding the claimant's ability to perform other exertional activities such as standing or walking, perform certain manipulative activities such as handling or fingering, and toleration of certain environments such as heights.

(Tr. 2418.) The RFC reduced the lifting and carrying requirements from medium to light work and imposed additional postural, manipulative, and environmental restrictions. (Tr. 2409.) It did not, however, identify any reduced duration for standing or walking. More significantly, the vocational hypothetical on which the ALJ relied at step five expressly instructed the VE to assume an individual who could "stand and walk for approximately 6 hours per 8-hour workday," as well as sit for

about six hours. (Tr. 2448–49.) The VE identified the occupations the ALJ relied upon in response to that hypothetical. (Tr. 2450.)

The Report concluded that no reversible inconsistency existed because medium work is more physically demanding than light work. (DE 20 at 15–16.) As a general matter, that proposition is correct, but it does not resolve the particular functional inconsistency presented here. SSR 83-10 explains that the full range of light work requires standing or walking, off and on, for approximately six hours of an eight-hour workday. SSR 83-10, 1983 WL 31251, at *6. The Ruling states the same approximate six-hour standing-and-walking requirement for the full range of medium work. *Id.* Thus, reducing the exertional level from medium to light reduces the lifting and carrying demands, but it does not, without more, account for an additional restriction in the duration of standing or walking.

To be sure, an RFC for a reduced range of light work does not invariably require six hours of standing or walking, and the Court does not hold otherwise. But that distinction does not resolve this case because the ALJ did not merely use the term "light work" and leave the standing-and-walking duration implicit. The operative vocational hypothetical expressly assumed approximately six hours of standing and walking. (Tr. 2448–49.) Accordingly, the question is not what light work might permit in the abstract, but whether the ALJ adequately explained how his affirmative finding that Plaintiff was "more restricted than Dr. Sandhu's assessment, particularly" in standing or walking can be reconciled with the same around six-hour standing-and-walking capacity Dr. Sandhu assessed.

The ALJ's additional postural and environmental restrictions do not answer that question because they do not quantify a reduced standing-or-walking duration. Nor may the Court infer from the medical evidence what additional restriction the ALJ intended. The ALJ cited findings that could support substantial standing and walking capacity, including full strength, intact sensation, negative straight-leg raising, relatively mild lumbar imaging, and later normal gait and station. (Tr. 2411–12.) But the relevant inquiry is not whether the Court can identify evidence from which a six-hour capacity might reasonably have been found. The ALJ himself found Plaintiff more restricted than Dr. Sandhu "particularly" as to standing or walking. The decision does not explain whether that finding meant a duration of less than six hours, a different pattern of standing or walking, some other functional restriction, or no additional durational restriction at all. SSR 96-8p requires the ALJ to explain how material inconsistencies and ambiguities in the evidence were considered and resolved. SSR 96-8p, 1996 WL 374184, at *7. The Court may not cure that omission by supplying a rationale the agency did not give. *See Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013). Where the ALJ's explanation does not permit the Court to determine how a material functional issue was resolved, meaningful substantial-evidence review is not possible. *See id.* at 295–96; *Mascio*, 780 F.3d at 636–37; *Monroe*, 826 F.3d at 189.

The Commissioner's reliance on the deferential substantial-evidence standard does not cure the omission. In *Turner v. Commissioner of Social Security*, No. 23-1760, 2024 WL 2764722, at *4–5 (4th Cir. May 30, 2024) (per curiam), the Fourth

Circuit explained that an ALJ need not adopt every component of an otherwise persuasive medical opinion, but affirmed because the ALJ had "explained why he found some limitations appropriate and why he rejected other limitations" and had provided reasons connecting the evidence to the RFC. *See id.* at *4–5. Similarly, *Boulden v. O'Malley*, No. 24-1414, 2025 WL 48337, at *5 (4th Cir. Jan. 8, 2025) (per curiam), affirmed where the court could "trace the ALJ's reasoning from that evidence to his conclusion." Here, the problem is different. The ALJ did not merely decline to adopt one component of Dr. Sandhu's assessment. He affirmatively found Plaintiff more restricted than Dr. Sandhu "particularly" in standing or walking, yet relied at step five on a vocational premise containing the same around six-hour standing-and-walking capacity. The decision does not explain that apparent inconsistency, leaving the Court unable to trace the path from the finding to the functional capacity used at step five.

The persuasive authorities cited by Plaintiff reinforce that conclusion. In *West v. Berryhill*, the court recognized that the ALJ's RFC was more restrictive than the medical opinions in certain lifting and postural respects, but held that those added restrictions did not resolve a separate discrepancy concerning standing and walking: the medical sources assessed four hours, while the RFC contemplated six. No. 1:17-cv-1265-JMC-SVH, 2018 WL 1009254, at *13–14 (D.S.C. Jan. 16, 2018), report and recommendation adopted, 2018 WL 953336 (D.S.C. Feb. 20, 2018). Because the ALJ had not addressed that particular restriction, the court could not determine whether he intentionally rejected it or overlooked it. *Id.* at *14. *Joyce C. v. O'Malley* is

persuasive for the same functional distinction. There, the court explained that reducing an exertional level may reduce lifting demands without necessarily reducing the ordinary standing-and-walking requirement and held that the ALJ still had to explain the claimant's actual functional capacity. No. 4:22-cv-00122, 2024 WL 774365, at *4–5 & n.4 (W.D. Va. Feb. 26, 2024) (report and recommendation). Although *West* and *Joyce C.* are persuasive rather than controlling, their reasoning accords with SSR 96-8p and the Fourth Circuit's requirement that the agency provide a reviewable path from the evidence to the RFC.

The omission is also material. The VE testimony supporting the ALJ's step-five finding was expressly premised on approximately six hours of standing and walking. (Tr. 2448–50.) The ALJ did not ask the VE whether the identified occupations would remain available if Plaintiff were limited to some lesser duration of standing or walking; the later hypotheticals addressed different limitations. (*See* Tr. 2451, 2458–59.) The record therefore does not permit the Court to determine that the same jobs would remain available under whatever additional standing-or-walking restriction the ALJ intended. This is particularly significant because the Appeals Council had directed the ALJ to obtain vocational evidence reflecting the specific capacities and limitations established by the record. (Tr. 2500.)

Accordingly, the Court cannot find the unexplained inconsistency harmless. The Court does not hold that Plaintiff must be limited to fewer than six hours of standing or walking, nor does it determine what additional limitation, if any, the evidence ultimately supports. The Court commits those matters to the Commissioner

in the first instance. The Court holds only that the ALJ's express finding that Plaintiff was more restricted than Dr. Sandhu "particularly" in standing or walking is not reconciled, on the explanation provided, with the same around six-hour standing-and-walking capacity incorporated into the operative vocational hypothetical and step-five determination. Plaintiff's objection on this issue is, therefore, sustained.

2. **Remaining Objections**

Plaintiff also objects to the ALJ's evaluation of NP Welch's opinion and to the limitation to frequent bilateral handling and fingering. Because the unresolved standing-and-walking issue independently requires remand and the Commissioner must reconsider or clarify the physical RFC and the corresponding vocational evidence, the Court need not determine whether Plaintiff's remaining objections independently warrant relief. On remand, the Commissioner should address any material inconsistencies or ambiguities in the physical RFC and obtain additional vocational evidence as warranted. The Court expresses no opinion about the ultimate disability determination.

**D. Conclusion**

For these reasons, the Court SUSTAINS Plaintiff's standing and walking objection (DE 21), DECLINES TO REACH the remaining objections, and DECLINES TO ADOPT the Report and Recommendation (DE 20) to the extent it recommends affirmance. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is REVERSED, and this matter is REMANDED for further administrative

proceedings consistent with this Order. The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 18, 2026